UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH ROBERTS. | Case No. 20-mj-10033-MAH<br><br>OPINION AND ORDER |

**KIEL,** UNITED STATES MAGISTRATE JUDGE

**THIS MATTER** comes before the Court on defendant Kenneth Roberts's ("Defendant") Emergency Motion for an order, pursuant to 18 U.S.C. § 3142(i)(4) releasing Defendant on an unsecured bond (the "Motion"). (ECF No. 56.) The Government opposes the Motion. (ECF No. 58.) For the following reasons, the Motion is **DENIED**.

**I.     BACKGROUND**

The Government alleges law enforcement has been investigating a drug trafficking organization in Irvington, New Jersey. During the investigation, it is alleged, the Government observed Defendant engaged in an illegal narcotics transaction. (ECF No. 58, p. 2.) On February 11, 2020, the Government charged Defendant, along with four other defendants, with conspiracy to distribute and possession with intent to distribute: (1) 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) 100 grams or more of heroin, a Schedule I

controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) a detectable amount of cocaine, a Schedule II controlled substance, contrary to  21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.  (ECF No. 1.)

On February 27, 2020, Defendant filed his first motion for Release from Custody (the "First Motion") (ECF No. 46), which the Government opposed.  I held a hearing on the First Motion on March 13, 2020.  (ECF No. 53.)  Following arguments of counsel, I denied the First Motion.  I concluded the Government had shown by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community, and the Government had shown by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance as required.  (ECF No. 54.)

## II.     THE PRESENT MOTION

Defendant returns to Court seeking release under 18 U.S.C. § 3142(i)(4).[1]  This statute authorizes a judicial officer to "permit the temporary release of a person, in the custody of the United States marshal or another appropriate person, to the extent the judicial officer determines such release is necessary for preparation of the person's defense or for another compelling reason."  *Id.*

Defendant cites to the COVID-19 pandemic and the "imminent and grave threat to [his] life and safety while confined at Essex County Correctional Facility" as the

---

[1] Defendant also seeks release under 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 56, pp. 14–16.)  However, this statute concerns the compassionate release of inmates who are serving sentences, not pretrial detainees.

compelling reasons for his immediate release on an unsecured bond.[2]  (ECF No. 56, p. 3.) In support of the Motion, Defendant submitted records purporting to show he suffered "acute asthma symptoms" on January 2 and February 6, 2020.  Defendant connects these two episodes to a "chronic respiratory condition [that will] inevitably make[] him a ripe target for COVID-19 loss of life casualty."  (ECF Nos. 56, p. 14 and 56-1.)  Defendant believes his continued detention in the Essex County Correctional Facility (the "Facility") poses a significant danger because of the alleged unsanitary conditions in the Facility, an inability to practice social distancing in the Facility, and the number of COVID-19 infections of inmates and staff in the Facility.  However, these are generalized concerns, which are not specific to Defendant.

### III. ANALYSIS

There is a statutory presumption of detention for the criminal charges against Defendant. *See* 18 U.S.C. § 3142(e)(3)(a).  At the hearing on the First Motion, I determined Defendant had rebutted the presumption.  (ECF No. 57, p. 40.)  However, the Government satisfied its statutory burden to show Defendant is a danger to the community and risk of flight.  (ECF No. 57, pp. 40–44.)  These conclusions were reached after a thorough review of the factors required under 18 U.S.C. § 3142(g).  Defendant does not raise any new facts or circumstances relating to the factors under 18 U.S.C. § 3142(g).  Thus, I see no basis to disturb my prior ruling concerning the danger to the community and risk of flight.

---

[2] Although the Motion is styled as a motion releasing defendant on an unsecured bond, Defendant suggests "perhaps" he can be fitted with a monitoring bracelet to secure the public safety.  (ECF No. 56, p. 24–5.)

Case law has developed quickly in this District and throughout the country concerning temporary release under 18 U.S.C. § 3142(i) because of the COVID-19 pandemic. Release under 18 U.S.C. 3142(i) cannot be based on a generalized fear of COVID-19 infection. *U.S. v. Patel*, 2020 WL 1698785, at *7 (D.N.J. Apr. 8, 2020) (finding the defendant's speculative fear of a SARS-CoV-2 outbreak in the correctional facility failed to overcome the finding of the risk of flight of the defendant, if released). Concerns about COVID-19, moreover, do not override the statutory detention provisions. *U.S. v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020).

In determining whether to release a pretrial detainee due to the COVID-19 pandemic requires the Court to apply the same standards as under the Bail Reform Act. *See U.S. v. Martin*, No. 19-00140, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020); *U.S. v. Kelly*, No. 19-04475, 2020 WL 1847668, at *2 (D.N.J. Apr. 9, 2020) ("it is by making an individual assessment on a case-by-case basis that courts around the country have granted and denied defendants' applications for temporary release because of COVID-19"). Some of the factors to consider are: (1) the original grounds for detention; (2) the specificity of the defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood the defendant's proposed release would increase COVID-19 risks to others. *U.S. v. Clark*, 2020 WL 1446895, *2 (D. Kan. Mar. 25, 2020).

Here, Defendant has not met his burden to demonstrate a compelling reason for temporary release. First, he has not overcome the original grounds for detention: the finding of a danger to the community and risk of flight. Second, while Defendant has

4

presented two instances when he suffered asthmatic events before he was detained, he does not allege he continues to suffer asthmatic symptoms or that he is not currently receiving adequate medical care.  To the contrary, according to the medical records submitted by the Government, Defendant is receiving adequate medical care.  (ECF No. 58–5.)  Defendant, moreover, is 35 years old, is not terminally ill, and has not been diagnosed with COVID-19.

Third, evidence presented in this case and in numerous other cases in this District about the conditions at the Facility through the declaration of Alfaro Ortiz, the director of the Facility, unequivocally shows the extraordinary efforts undertaken by the Facility to prevent the spread of COVID-19 infections.  (ECF No. 58–6.)  The steps taken by the Facility, which includes 24–hour access to medical staff who are trained to treat and contain the spread of the virus, convince me that Defendant's proposed release plan provides no better assurance Defendant will not be infected by the virus.

While I consider the risk of COVID-19 to be extremely serious and am sympathetic to his concerns, Defendant has not met his burden for relief under 18 U.S.C. § 3142(i).

## IV. CONCLUSION AND ORDER

**ACCORDINGLY,** it is on this **4th** day of **May 2020  ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 56**.

                                              */s/ Edward S. Kiel*
                                              **Edward S. Kiel**
                                              **United States Magistrate Judge**